## Case No. 9,397.

MEISSNER et al. v. DEVOE MANUF'G CO.

[9 Blatchf. 363; 2 O. G. 545; 5 Fish. Pat. Cas. 285.] [1]

Circuit Court, S. D. New York.   Jan. 27, 1872.

PATENTS—STOP-VALVES FOR PETROLEUM—CUP-SHAPED—CONVEX-FORM.

The letters patent granted to Albin Warth, April 19, 1870, for an improvement in stop-valves for petroleum packages, make, in each one of their two claims, a cup-shaped disk, a material part of the invention, such disk being a valve-seat for a valve, and having the effect, by reason of being cup-shaped, to sink the valve within the package, so that there shall be no part projecting outside. The cup-shaped form of the disk is made, by the specification and claims, an essential part of the invention. Such patent is not infringed by a stop-valve of convex-form, not suspended below the surface of the package, though in other respects constructed like the patented arrangement.

This was a final hearing, on pleadings and proofs, of a suit in equity [by Frederick Meissner and others against the Devoe Manufacturing Company], founded on letters patent [No. 102,187], granted to Albin Warth, April 19th, 1870, for an improvement in stop valves for petroleum packages. The specification said: "This invention consists in the arrangement of a cup-shaped flanged disk, provided with a vent-hole, with a discharge opening, and with a central hole, and with a flat internal face, said central hole being intended to receive a screw, which is tapped into the solid body of a valve covered with leather or other suitable packing, in such a manner that, by means of its flange, the disk can be readily soldered to the side of a petroleum package or case for carrying petroleum or other liquid, without producing an objectionable projection on said package, and that, by turning the screw in and out, the valve can be readily opened and closed, the valve being prevented from turning with the screw, and from dropping off, by hook-shaped arms, extending from the inner surface of the cup-shaped disk, and bearing against lugs projecting from the periphery of the valve. When the valve is opened, the contents of the case or package can be readily poured out through the discharge-spout, the vent-hole admitting the external air into said case. In the drawing, the letter A represents a case or package made of tinned sheet-iron,

1 [Reported by Hon. Samuel Blatchford, District Judge, reprinted in 5 Fish. Pat. Cas. 285, and here republished by permission.]

or any other suitable material, and capable of containing petroleum or other liquids, particularly such as are intended for transportation. In one side of this case is secured a stop-valve, B. which consists of a cup-shaped disk, provided with a flange, a, and perforated with three holes, (see Figs. 2 and 3,) one in the centre, to receive the screw, b, and two on the sides, the hole, c, being the vent, and the hole, d, the discharge-opening, of the case. The head of the screw, b, is provided with a circular shoulder, to catch under a lip, e, projecting from the edge of the central hole in the cup-shaped disk, and to the bottom of said disk is secured a plate, f, so that the head is confined in a chamber, and prevented from moving in the direction of the axis of the screw. The plate, f, is smoothed off on its exposed surface, so that it forms a seat for the valve, g, and said plate is provided with two hook-shaped arms, h, which form guides for the valve, and prevent the same from dropping off, and also from turning round, said valve being provided with lugs projecting from its periphery, and bearing against the edges of the arms, h. The valve, g, is cast of Babbitt metal, or other suitable material, and it is provided with a socket to receive the screw, b. The face of the valve is covered with a disk, i, of leather, or other suitable material, which is retained by studs cast solid with the valve, and riveted over said disk, as shown. The flange, a, is soldered to the side of the case, A, the head of the screw being situated in the cavity of the cup-shaped disk, so that no part of the valve projects materially beyond the face of the case. By turning the screw, b, in the proper direction, the valve, and the holes, c and d, are opened, so that the contents of the case can be poured out through the discharge-opening, d, the external air having free access to the interior of the case, through the vent-hole, c. By screwing up the screw, b, the valve is closed, and the case is hermetically sealed. The nip of the screw, b, is dove-tailed, to receive a handle, C, of the proper form, for the purpose of operating the same. It (the screw) may, however, be also operated by means of an ordinary screw-driver. If desired, the cup-shaped disk of the valve, together with the hook-shaped arms, h, may be produced by casting, and, in this case, the lip, e, is omitted, and the screw is prevented from moving in the direction of its axis, by a pin passing through it under the cup-shaped disk, as shown in Fig. 2. This valve is of particular value for petroleum packages, which are transported across the ocean in very large quantities, and which have to be hermetically sealed, and, at the same time, so constructed, that their surfaces have no projecting parts, and that the contents of the package can be readily drawn off." The claims were these: "1. The cup-shaped disk, suspended within the package, A, receiving the screw, b, and forming a valve-seat, in combination with the valve, g, suspended from the screw between guides, h, substantially as and for the purpose described.

2. The vent-hole, c, and discharge-opening, d, in the cup-shaped disk, in combination with the central screw, and with the valve and the guide-arms, all constructed and operating substantially as described."

John Van Santvoord, for plaintiffs.
George Gifford, for defendants.

WOODRUFF, Circuit Judge. I deem it highly probable that the stop-valve made by the defendants, when considered in reference to its construction, and its office and function, as a mere stop-valve, is substantially like that described in the complainants' patent, and that, if the latter had been described and claimed by the patentee independently of the precise form and location of the parts, and of the material office or function which such precise form and location perform in the combination described, the stop-valve of the defendants must have been declared an infringement. But, the patentee has seen fit, by his specification and claim, to confine the right secured to him within much narrower limits. He does not, in his specification, claim that either part used in the construction of his stop-valve is new, or that any number of the parts, not including a cup-shaped disk by means of which the whole apparatus is sunk below the outer surface of the oil can, are new in their combination with each other.

Viewing the device, as described and claimed in either the first or second claim, as a combination of parts not new, the cup-shaped disk is, by each claim, made a material part of the invention. The form of the disk is material. Without the form described, the result at which the invention is directed, and which is represented as its peculiar feature, would not be effected, that is to say, without that form, it would not be a stop-valve which could be applied to packages for transportation, so that their surfaces would have "no projecting parts." It is, therefore, not (as represented in the specification and claim) a case in which form is not of the substance of the combination. ·

Viewing the device, as described and claimed, as a machine or structure—for. all machines and structures are, in a literal sense, combinations of things, old or new—the same observations are applicable. The patentee has made the peculiar disk which he describes, and which forms the valve-seat, a prominent feature. He has done so in both of his claims, and, in his specification, he represents the immediate and necessary effect of that form of disk as constituting the peculiarity of his stop-valve and its especial utility.

It is quite possible that he might have claimed this identical stop-valve, useful, and adapted for use, in admitting oil to a can or vessel, enclosing it tightly within the can, and, at pleasure, to be opened for discharging it therefrom, and to be inserted in the end or side of the can or vessel, according to the judgment of the manufacturer of such can or

vessel. Had he done this, the question whether the defendants' stop-valve is within the claim would have been a very different one. Here he has chosen to define the object or result of his invention, to describe the parts thereof, and to specify the form, without which the object in view would not be attained.

The defendants do not use the parts in the same form, nor in an equivalent form. and do not produce the same result. The change they have made in the form of the disk constituting the valve-seat, is such as necessarily defeats the purpose for which the complainants' device was intended, and which it accomplishes. The defendants' disk is, therefore, not an equivalent to that used by the complainants. It has not the same effective operation. Instead of suspending the stop-valve below the surface of the can or vessel, by its convex form, it rises, necessarily, above that surface, and carries still higher the parts with which it is connected, thus doing the very thing which the complainants, by the peculiar form of their disk or valve-seat, profess to avoid and do avoid. The conclusion cannot be escaped by saying that the difference is not in the material or essential characteristics of the device, but only in the degree of utility, that the defendants' device is the same in principle and in substantial structure, but that, by a change in the form of the valve-seat, by inverting it, the device is rendered less perfect and less useful. Under a specification and claim which might readily be suggested, this reasoning might be entirely just and true, and might render it necessary to pronounce the defendants' device an infringement. But the actual claims cannot be rejected. The complainants must stand or fall by the claims as made, and those, not only in terms, but when read and construed with reference to the whole specification. make the form of the disk a part of the complainants' structure, material to its location in connection with the can, and especially material to the function or effect designed to be produced, and in fact produced thereby. I think, therefore, that, under this patent. the complainants cannot reject the form of the valve-seat, and the location of the structure within the can. and allege that any form of valve-seat, and any location of the stop-valve, however projecting above the surface of the can, is an infringement of their claims, provided, in other respects, it is substantially like theirs. I think, that, in all other respects, the defendants' stop-valve does include the complainants', and all of its parts, in substantially the same form and manner of combination, and operating in substantially the same way, and producing the same result. The difference in the nut and screw, in the guide, and in the contrivance for preventing the turning of the valve, are not changes in the principle, or in the manner of operation, which would relieve their stop-valve from condemnation as an infringement. They are a mere substitution of equivalents. For this reason, it seems not improbable that the conclusion to which I am compelled is not because the actual invention of the complainants has not been infringed or copied by the defendants, but because the specification and claims upon which the patent is granted have so narrowed the ground on which they stand, that they fail to realize all the monopoly to which, in virtue of the actual invention. the patentee may have been entitled. If this be so, the court is, nevertheless, unable to relieve them. We can only deal with the rights of the complainants as they are defined in and secured by the letters patent; and, as there defined, my conclusion is that the defendants' stop-valve is not an infringement. The bill of complaint must, therefore, be dismissed, with costs.